# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JEREMIAH JOSEPH SMITH, | **Case No.1:11CR133DAK** |
| Defendant. | |

Defendant Jeremiah Joseph Smith has filed a motion for early termination of supervised release.  On June 26, 2013, this court sentenced Defendant to thirty-three months incarceration and a term of thirty-six months of supervised release.  Defendant began serving his supervised release on April 2, 2014.  Therefore, Defendant's term of supervised release is not set to terminate until April 2, 2017.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."   The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services.  *See* 18 U.S.C. § 3553(a).

Defendant's motion is premature because it is filed prior to one year of supervised release.  The court cannot consider such a motion until after April 2, 2015.  While Defendant served the last portion of his incarceration at a halfway house, that time was not part of his supervised release.  In addition, the court has a report from probation in Defendant's case dated November 14, 2014, regarding several failures to submit to drug testing and using methamphetamine on multiple occasions between October 4-26, 2014, and marijuana on October 17, 2014.  The court believes that continued supervision will help ensure that Defendant continues along the right path consistently and that termination of supervised release should not be considered until Defendant has served at least half of his supervision period.  The court is willing to consider a similar motion at that time.  Defendant's motion to terminate supervised release is denied at the present time.

DATED this 18th day of March, 2014.

DALE A. KIMBALL
United States District Judge