# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  v.  **JEREMIAH JOSEPH SMITH,**  Defendant. | **MEMORANDUM DECISION AND ORDER**  Case No.1:11CR133DAK |

Defendant Jeremiah Joseph Smith has filed a renewed motion for early termination of supervised release. On June 26, 2013, this court sentenced Defendant to thirty-three months incarceration and a term of thirty-six months of supervised release. Defendant began serving his supervised release on April 2, 2014. Therefore, Defendant's term of supervised release is not set to terminate until April 2, 2017. On March 18, 2015, the court denied a previous motion for early termination of supervised release and stated that it believed the court should not consider the request until Defendant had served at least half of his term. Therefore, the court has already stated that early termination should not be considered until September 2, 2015.

As explained in the court's prior order, pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by

the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Again, the court considers Defendant's motion to be premature because he has filed it prior to the half-way point of his supervised release. In the court's prior Order, it noted that there is a report from probation in Defendant's case, dated November 14, 2014, regarding several failures to submit to drug testing and Defendant's use of methamphetamine on multiple occasions between October 4-26, 2014, and marijuana on October 17, 2014. This type of conduct during Defendant's period of supervision does not support early termination. As the court explained above, it does not believe that consideration of early termination is appropriate until September, 2015, and possibly October 2015, when Defendant can demonstrate full compliance with the requirements of supervision for a consistent year. Therefore, Defendant's motion to terminate supervised release is denied at the present time.

DATED this 15th day of July, 2015.

_____
DALE A. KIMBALL
United States District Judge